IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF ARKANSAS

FORT SMITH DIVISION

J. B. TURNER                                                              PLAINTIFF

V.                          CASE NO. 2:18-CV-2171

XTO ENERGY INC.                                                          DEFENDANT

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS TO WHICH PLAINTIFF CONTENDS THERE IS A GENUINE ISSUE OF MATERIAL DISPUTE TO BE TRIED**

Comes now, Plaintiff J.B. Turner ("Plaintiff"), by and through his attorneys, Danielson Law Firm, PLLC, and for his Response to Defendant's Statement of Material Facts as to which XTO Energy Inc. contends there is no genuine issue of material dispute to be tried does state as follows:

1.  That Plaintiff elected to participate in the Viola Zone within the Turner No. 1 Well and is a non-operating working interest owner in the Viola Zone in the Turner No. 1 Well where XTO is the current operator of said well.

2.  That the rights, obligations and duties of the respective parties are set out in the Joint Operating Agreement as approved by the Arkansas Oil and Gas Commission ("AOGC").

3.  That the AOGC rules and regulations prohibits the comingling of different zones without the express written consent of the AOGC.

4.  That the Turner No. 1 well is currently plumbed at the surface so that both zones can be comingled.

1

5. That the Turner No. 1 Well is currently shut-in by order of the AOGC until such time as XTO can obtain the consent of the Plaintiff or re-plumbs the well.

6. That the Viola Formation within the Turner No. 1 Well is and has been capable of producing gas since its initial completion until present.

7. That the Viola Formation within the Turner No. 1 Well is and has been capable of producing gas since November, 1982.

8. That the Viola Formation has produced gas since to November, 1982.

9. That the tubing line pressures in the Turner No. 1 Well from late 1999 until December, 2003, indicate that the Viola Zone was capable of producing gas.

10. That XTO Bates Document No. 00019394 indicates that the Viola Zone's last production in the Turner No. 1 Well was June, 1986.

11. That the Turner No. 1 Well was and is currently plumbed in a manner to allow for commingling of gas between the Hale and Viola Zones.

12. That XTO was aware that the Turner No. 1 Well was and is currently plumbed in a manner to allow for commingling of gas between the Hale and Viola Zones.

13. That XTO operated the Turner No. 1 Well knowing that the Hale and Viola Zones were comingled and never reported this to the AOGC nor notified Plaintiff of this fact.

14. That XTO wrongfully concealed the fact that the Viola Zone is and was viable and that the Turner No. 1 Well is and was plumbed in a manner to allow for commingling of gas between the Hale and Viola Zones.

15. That XTO has been wrongfully commingling gas between the Viola and Hale Zones in violations of Plaintiff's rights and AOGC rules.

16. That Viola and Hale gas has been commingled within the Turner No. 1 Well.

2

17. That, as a working interest partner, Plaintiff is entitled to proceeds from the sale of gas from the Viola Zone within the Turner No. 1 Well.

J.B. Turner, Plaintff

By:   /s/Erik P. Danielson
          Erik P. Danielson, ABA #2005060
          Kyle Lippard, ABA #2015042
          Danielson Law Firm, PLLC
          909 Rolling Hills Drive
          Fayetteville, AR 72703
          Telephone (479) 935-8313
          Facsimile (479) 439-8167
          Erik.Danielson@DanielsonLawFirm.com
          Kyle.Lippard@DanielsonLawFirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2019, I have served a copy of the foregoing upon all parties of record except those whom I represent by regular mail and electronic mail, addressed to the following:

Thomas A. Daily
C. Michael Daily
Daily & Woods, P.L.L.C.
P.O. Box 1446
Fort Smith, AR 72902-1446
tdaily@dailywoods.com
mdaily@dailywoods.com

/s/Erik P. Danielson
Erik P. Danielson

3